Denise Subramaniam
Self-represented
13865 SW Walker Rd
Beaverton OR 97005
503-764-5300

FILED 23 OCT '15 08:59 USDC-ORP

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| **DENISE SUBRAMANIAM** | Civil Case No. 3: 15 CV- 2002- BR |
| **Plaintiff** | |
| **v.** | **COMPLAINT** |
| **D. ANDREW BEAL aka LNV** | |
| **CORPORATION aka MGC MORTGAGE** | **42 U.S. Code §§ 1983 & 1985 et seq.** |
| **INC.; PERKINS COIE LLP; LORRAINE** | **18 U.S. Code § 1968 et seq.** |
| **BROWN; AND DOES 1 THROUGH 50** | ORS § 105.605 |
| **Defendants** | **CONSTITUTIONAL QUESTION** |
| | **JURY TRIAL DEMANDED** |

### COMPLAINT

Here comes Defendant Denise Subramaniam, representing herself, and hereby makes the

following claims:

### PARTIES

The Plaintiff is, Denise Subramaniam, an individual woman who resides at 13865 SW

Walker Rd., Beaverton Oregon 97005.

Defendant Daniel Andrew "Andy" Beal aka LNV Corporation aka MGC Mortgage Inc.

is the conglomeration of Daniel Andrew "Andy" Beal ("Beal") an individual man who is the sole

controlling director of LNV Corporation ("LNV") a Nevada business entity incorporated and

licensed pursuant to NRS 76.100(1). LNV is an "alter ego" for Beal as defined by NRS 78.747. MGC Mortgage Inc. ("MGC") is a Texas corporation fully controlled by Beal and is also a corporate fiction "alter ego" for Beal pursuant to Tex. Bus. Corp. Act Art. 2.21(A)(2). LNV and MGC share a corporate address of 7195 Dallas Parkway, Plano, TX, 75024, which is an empty lot. Both Beal corporate "alter egos" LNV and MGC were established as corporate fictions for purposes of fraud and racketeering activities.

Defendant Perkins Coie LLP is a global law firm headquartered in Seattle, Washington, with an office located at 1120 NW Couch Street, 10th Floor Portland, Oregon 97209.

Defendant Lorraine Brown is an individual woman incarcerated at the Women's Huron Valley Correctional Facility in Ypsilanti, Michigan, in the custody of the Michigan Department of Corrections located at 3201 Bemis Road, Ypsilanti, MI 48197-0911, Offender Number: 867624, (c/o Warden Anthony Stewart phone: 734-572-9900).

## JURISDICTION AND VENUE

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00 and where the issues of law and fact are between citizens of different states. Additionally Plaintiff's causes of action are federal question involving violations of her constitutional rights, a conspiracy to interfere with her civil rights pursuant to 42 U.S. Code § 1985 and a civil action for deprivation of her civil rights pursuant to 42 U.S. Code § 1983 (as well as with the civil rights of other Beal/LNV/MGC victims); and of violations of 15 U.S.C. 1601 et seq. (Fair Debt Collection Practices Act, "FDCPA"); and a civil claim pursuant to 18 U.S. Code § 1961 et seq. (Racketeer

Influenced and Corrupt Organizations, "RICO") involving several acts of racketeering, i.e.

prohibited predicate acts, that include violations of:

1.  18 U.S. Code § 495 (Forgery of contracts and deeds);
2.  18 U.S. Code § 201 (Bribery of public officials and witnesses);
3.  18 U.S. Code § 1341 (Mail Fraud);
4.  18 U.S. Code § 1343 (Wire Fraud);
5.  18 U.S. Code § 1957 (Engaging in monetary transactions in property derived from specified unlawful activity);
6.  18 U.S. Code § 3663A (Mandatory restitution to victims of certain crimes);
7.  42 U.S. Code § 1983 (Civil action for deprivation of rights);
8.  42 U.S. Code § 1985 (Conspiracy to interfere with civil rights).

Federal courts have original jurisdiction of federal questions.

Plaintiff resides in Beaverton, Oregon. Defendant Beal/LNV/MGC does business in

Oregon. Defendant Perkins Coie does business in Oregon. The products of Defendant Lorraine

Brown's crimes, false and forged or robo-signed assignments of trust deed mailed to Plaintiff's

county in Oregon specific to Plaintiff's property in Oregon. The subject real property is located

in Oregon. The criminal acts perpetrated by Defendants against Plaintiff which gives cause for

this civil action for remedies pursuant to 42 U.S. Code § 1983 and 18 U.S. Code § 1964, as well

as the FDCPA violations that give rise to this civil remedy claim pursuant to 15 U.S. Code §

1692k all occurred in Oregon. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## CONSTITUTIONAL QUESTIONS

In lieu of suing the United States, Judge Michael W. Mosman and the State of Oregon,

Plaintiff opts to raise constitutional questions specific to the constitutionality of certain State and

Federal Laws and Rules that are routinely used to deprive citizens of their life, liberty and

property without due process and equal protection of law guaranteed them by the fifth and fourteenth amendments to the United States Constitution. These constitutional questions are specified in Plaintiff's Notice of Constitutional Questions.

In summary, Plaintiff raises constitutional questions about Rule 901 of Federal Rules of Evidence; Rule 201(c)(2), Rule 56 and Rule 12(b)(6) of Federal Rules of Civil Procedure, and the constitutionality of Oregon Revised Statutes §§ 86.726 to 86.815, 88.010 to 88.106 pertaining to foreclosures and the subsequent handling of evictions stemming from foreclosures where disputes over title to the real property are still in litigation and the matter of who has title to the property has not been fully adjudicated as landlord/tenant disputes. This treatment almost always results in the eviction of homeowners with a significant claim to title; these cases are not mere landlord/tenant disputes and depriving a homeowner of possession of their property while litigation over title is still being adjudicated is a direct violation of the homeowner's rights to due process and equal protection of law under the fifth and fourteenth amendments to the United States Constitution. Most such eviction cases are the result of an unconstitutional ruling for summary judgment or summary dismissal pursuant to Rule 56 or Rule 12(b)(6). Oregon is not the only state that unconstitutionally deprives homeowners of possession of their property while adjudication over right to title is ongoing.

Rule 56 and Rule 12(b)(6) as currently written result in a discriminatory disparate impact on non-criminal pro se litigants who are homeowners fighting wrongful foreclosure actions where the foreclosing party lacks standing to foreclose and knowingly submits to courts as false evidence of standing the fraudulent products of Lorraine Brown's crimes knowing judges will rely on them as genuine. These foreclosing parties also manufacture false deed instruments, assignments of trust deeds and allonges to notes using the same means and methods used by

Brown in the commission of her crimes and they mail or ~~use~~ wire ~~transmissions~~ these false

mortgage instruments to county land recorders offices throughout the country, including

Plaintiff's county recorder's office. Additionally they fabricate counterfeit notes with intent to

use these false instruments under color of law for the foreclosing party's personal gain. Such

foreclosing parties are able to abuse <u>Rule 56</u> or <u>Rule 12(b)(6)</u> to prevent homeowners' claims

and evidence from ever reaching a jury. A jury trial, guaranteed by the United States

Constitution, is the first major check on the discretion of judges. A judge, holding office over the

course of multiple cases, and selected by appointment or election, is susceptible to undue

influence. A jury, chosen by sortition, or lot, for a single case, just before the case, is less likely

to be corrupted, and having multiple jurors render verdicts collectively provides a check by each

on the others. What they might lack in knowledge of the law is offset by their connection to the

non-legal environment in which most people subject to the law must operate. Most complaints of

abuse of judicial discretion, and calls to limit such abuse with more laws, concern questions of

policy or equity, but there is another broad category, which concerns constitutional questions of

due process and civil rights which are raised by Plaintiff herein and in Plaintiff's <u>Notice of</u>

<u>Constitutional Questions</u>.

Abuses of <u>Rule 56</u> or <u>Rule 12(b)(6)</u>, specifically in connection with foreclosure cases,

deprives pro se litigant homeowners of their right to be heard by a jury of their peers before

depriving them of their property. This constitutes a deprivation of their constitutional rights to

due process and equal protection of law. Even when homeowners are represented by counsel the

attorneys they can afford to hire often cannot financially withstand the calculated abuse of

process engaged in by counsel representing parties like Defendant Beal/LNV/MGC with billions

of dollars at their disposal.

Courts routinely ignore evidence that mortgages were originated through fraud in factum where deception caused these pro se homeowner victims to enter into highly predatory transactions without accurately realizing the risks, duties, or obligations incurred. Fraud in factum occurs when a legal instrument actually executed differs from the one intended for execution by the person who executes it as s/he is induced to sign the instrument without reasonable opportunity to learn of its fraudulent character or essential terms. Generally, fraud in the factum voids the instrument under state law and is a defense against even a holder in due course yet pro se homeowner litigants are typically deprived of discovery through intentional abuses of Rule 56 and Rule 12(b)(6) by the foreclosing parties who typically file motion after motion for summary judgment; and when that doesn't work at least in the case of Defendant Beal/LNV/MGC and his attorneys, they appear to offer bribes for favorable rulings or use other tactics to improperly influence judges into ignoring the evidence, and even the law, to make rulings favorable to the foreclosing party.

Courts routinely ignore evidence that these mortgages were securitized in fraud, and that egregious mortgage servicing fraud occurred where the mortgage servicer misappropriates mortgage payments then makes false claims of default with intent to wrongfully foreclose on properties knowing many judges are biased towards homeowners. The foreclosing parties often produce computer generated counterfeit notes and counterfeit assignments of mortgage or trust deeds, as was done in Plaintiff's case and in the cases of the other Beal/LNV/MGC victims, and submits them to courts knowing judges will rely on them as genuine. (Rule 56 and Rule 12(b)(6) also cause a discriminatory disparate impact against pro se litigants in employment discrimination cases and in other civil rights cases where many litigants are pro se.) The unconstitutional elements inherent in these federal rules, and their State counterparts, cause civil

pro se homeowner litigants to suffer a disproportionate number of summary dismissals and summary judgments with prejudice that prevents them from ever presenting a case on merits; and which ultimately deprives them of their property without due process of law and without equal protection of law.

Most of these summary dismissals and summary judgments are due to procedural defects in pro se pleadings and due to pro se litigants' inexperience with obtaining evidence through discovery and thereby these civil pro se litigants are deprived of meaningful due process and of their constitutional rights to equal protection of law. Oftentimes the lack of discovery and the lack of evidence favoring homeowners' positions results from such homeowners being deprived of meaningful discovery which also causes the court record to be lacking; which in turn deprives such pro se homeowners of meaningful appeal; if such pro se homeowners even understood the appeal process enough to file an appeal. The result of this process is a deprivation of property without due process or equal protection of law.

Additionally Plaintiff raises questions about the constitutionality of Rule 23 of Federal Rules of Civil Procedure and the discriminatory disparate impact routinely imposed by courts on the same pro se homeowner litigants who meet the criteria defined by this rule; but are prevented from enjoying the benefits of a consolidation of their claims against a single opponent because courts routinely refuse to allow pro se litigants to file class actions. The lack of language in the Rule that limits such abuse of judicial discretion is unconstitutional. In general the law and the rules do not penalize judges who routinely abuse judicial discretion, and specifically when these judges routinely do so against a class of litigants. This is itself indicative of judicial bias, and therefore unconstitutional.

# CAUSE 1

Defendant Daniel Andrew "Andy" Beal aka LNV Corporation aka MGC Mortgage Inc.,

("LNV/Beal/MGC") willfully initiated a wrongful foreclosure action against Plaintiff (*LNV*

*Corporation v. Denise Subramaniam*, Case No. 3:14-cv-01836-MO) when he knew or should

have known the mortgage instruments he submitted to the court as genuine were in fact computer

generated counterfeits; this deception was done with intent to deprive Plaintiff of her property

located at 13865 SW Walker Rd., Beaverton, Oregon 97005 ("subject property"). Plaintiff has

continuously occupied said property uninterrupted for seventeen (17) years and thereby she has

an interest in the property. Furthermore she is the only rightful owner of the property.

Plaintiff was granted warranty deed to the subject property in 1998 recorded as document

# 1998-144288 and a satisfaction of mortgage was filed on March 19, 2004 recorded as

document # 2004-028027 with the Washington County Land Recorder's Office.

Some time thereafter Defendant LNV/Beal did knowingly and willfully combine,

conspire, confederate and agree with others including but not limited to: JP Morgan Chase; EMC

Mortgage Inc., Litton Loan Services, La Salle Bank as Trustee for Bear Stearns-Asset-Backed

Certificates-Series2004-HE3; People's Choice Home Loans; Dana Lantry; Fidelity National

Title Company a subsidiary of Fidelity National Financial ("FNF") parent Corporation to Lender

Processing Services aka Black ^knight Financial Services ("LPS") identified by the United States as a

corporate vehicle used in the commission of the felony conspiracy crimes of Defendant Lorraine

Brown; LSI Title of Oregon a subsidiary of LPS; GMAC subsidiary Residential Funding

Corporation aka Residential Funding LLC ("GMAC-RFC"); Diane M. Meistad; Betty Wright;

Jason J. Vecchio; and others yet unknown, who may be unnamed Defendants Does 1 through 50

and who hereafter are referred to as "the other Beal/LNV/MGC/Brown/LPS co-conspirators" to create a cloud on Plaintiff's title to her real property by manufacturing falsified counterfeit assignments of trust deed and causing these falsified instruments to be filed by mail and/or by wire services and recorded with Plaintiff's county land recorder in violation of 18 U.S. Code § 1341 (Mail Fraud) and 18 U.S. Code § 1343 (Wire Fraud).

Defendant Beal/LNV/MGC's violations of 18 U.S. Code § 1341 and 18 U.S. Code § 1343 are consistent with the execution of a scheme and artifice to defraud, and to obtain money and property by means of material false and fraudulent pretenses, representations, and promises, by utilizing the United States mail and private and commercial interstate carriers, and by transmitting and causing to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, visual pictures, and sounds, for the purposes of executing such scheme and artifice, in violation of Title 18, United States Code, Sections 1341 and 1343 for which Defendant Lorraine Brown was convicted in favor of the United States.

The criminal conspiracy activities of Defendant Beal/LVN/MGC, Defendant Lorraine Brown and the other Beal/LNV/MGC/Brown/LPS co-conspirators are consistent with the "Manner and Means of the Conspiracy and Scheme and Artifice" indentified by the United States in the criminal indictment and conviction of Defendant Brown by which she and her co-conspirators "and others sought to accomplish the purposes and objectives of the conspiracy." **See [Doc 64, 64-1, Doc 64-2 Case No. #:14-cv-01836-MO]**.

Plaintiff has been harmed by Defendant Beal/LVN/MGC, Defendant Lorraine Brown and the other Beal/LNV/MGC/Brown/LPS co-conspirators' conspiracy and scheme and artifice to defraud which has caused a cloud on Plaintiff's title to her real property; and which has also

caused her to suffer the public humiliation of a wrongful summary judgment order for

foreclosure issued against her property by federal Judge Michael W. Mosman, and has caused

her to suffer unimaginable for anyone who has not been through a similar experience of injustice

emotional anguish, mental distress and physical pain from a deterioration of her health that was

caused by a 10-years long series of legal battles in which Defendants, the other

Beal/LNV/MGC/Brown/LPS co-conspirators and federal Judge Michael W. Mosman have

willfully colluded and conspired together to interfere with her civil rights, and the civil rights of

the class of Beal/LNV/MGC victims in violation of 42 U.S. Code § 1985.

### CAUSE 2

Plaintiff opts to file a Notice of Constitutional Questions in lieu of suing the United

States and Judge Michael W. Mosman as co-conspirators in the other Defendants' conspiracy to

interfere with her civil rights of and the civil rights of the other Beal/LNV/MGC victims

identified in Plaintiff's Notice of Related Cases.

These afore-named Defendants and Judge Michael W. Mosman along with the other

Beal/LNV/MGC/Brown/LPS co-conspirators conspired to deprive Plaintiff and the other

Beal/LNV/MGC victims, a class of persons, of their right to not be deprived of their life, liberty

and property without due process and equal protection of law pursuant to the fifth and fourteenth

amendments of the United States Constitution in violation of 42 U.S. Code § 1985 et seq.

42 U.S. Code § 1985(2) states specific to obstruction of justice:

> "If two or more persons conspire for the purpose of impeding, hindering,
> obstructing, or defeating, in any manner, the due course of justice in any State or
> Territory, with intent to deny to any citizen the equal protection of the laws, or to

injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws…"

42 U.S. Code § 1985(3) specific to depriving persons of rights or privileges states:

"If two or more persons in any State or Territory conspire… for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws… if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators."

42 U.S. Code § 1983 specific to civil actions for deprivation of rights states:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…"

**On October 5, 2015** Brett Shipp an investigative reporter with WFAA TV in Dallas, Texas contacted Defendant Beal/LNV/MGC requesting a release form for a consumer's mortgage related records and on October 6, 2015 Defendant Beal/LNV/MGC provided Brett Shipp the requested form.

**On October 7, 2015** Brett Shipp emailed Defendant Beal/LNV/MGC the consumer release form signed by Beal/LNV/MGC victim Catherine Gebhardt.

**On October 7, 2015** Defendant Beal/LNV/MGC requested via a sealed ex parte communication in *Toya Wilson and Harry Smith v LNV aka D. Andrew "Andy" Beal* in U.S. District Court Eastern District of South Carolina a reassignment of the new case number back to an old case number for a related, but different, complaint and to a judge more likely to rule favorable to Defendant Beal/LNV/MGC.

**On October 9, 2015** Judge Michael W. Mosman ordered Plaintiff as defendant in related case *LNV v. Subramaniman*, Case No: 3:14-cv-01836-MO in this court, an additional thirty (30) days of discovery to obtain an affidavit from Dana Lantry.

**On October 9, 2015** Defendant Beal/LNV/MGC's Texas attorney J. Pat. Heptig mailed Beal/LNV/MGC victim JoAnn Brietling a letter threatening legal action if she failed to remove a post on the ComplaintsBoard.com website. This particular post made in November 2014 was not made by JoAnn but by someone using her name without her knowledge or permission. JoAnn informed J. Pat. Heptig she did not write the post but had requested the site administrator remove the post. **See Exhibit A**. Had she written the post it would be protected first amendment speech. Similar threatening letters were not sent to other parties complaining about Defendant Beal/LNV/MGC on that website.  This type of threatening letter has been sent to Beal/LNV/MGC victims JoAnn Breitling, Catherine Gebhardt, Stuart Hamm and Plaintiff in the past.  On most of these past occasions these Beal/LNV/MGC victims felt they had no choice but to immediately comply with Defendant Beal/LNV/MGC's demands out of fear they would be unable to withstand the emotional duress and cost of additional litigation with Defendant Beal/LNV/MGC.  The last such letter sent to Plaintiff was in November 2014.  She couldn't respond to the letter because she was incapacitated by painful herniated discs and shooting nerve

pain in her arms and fingers. That letter preceded by mere days Defendant Beal/LNV/MGC's

filing its fraudulent wrongful foreclosure complaint *LNV v. Subramaniman*.

**On October 12, 2015** a hearing was held in the Tennessee General Sessions Court of

Sevier County presided by Judge Jeff Radar. Defendant Beal/LNV/MGC refused to re-schedule

this hearing when Beal/LNV/MGC victim Cathrine Gebhardt requested because she was unable

to be present. Her daughter, who is an occupant of the property and thereby a party to the

detainer action, attended the hearing with a power of attorney for her mother. Gebhardt's

daughter's presence should have prevented a default judgment, but Judge Radar granted

Defendant Beal/LNV/MGC a default judgment. Gebhardt was unconstitutionally prevented

from appeal and a new trial de nova because Tennessee Code Annotated § 29-18-130(b)(2)

unconstitutionally requires defendants in "unlawful detainer" actions to pay a full year's rent in

cash before the court would accept an application of appeal. Defendant Beal/LNV/MGC as the

"landlord" arbitrarily set rent at $3,000/month; requiring Gebhardt to pay $36,000 in cash in

order to appeal an unconstitutional order issued by a court that lacked jurisdiction to grant the

order in the first place. Gebhardt is not a tenant but a property owner with active litigation in

two federal courts challenging LNV's claim to the title of her property.

**On October 13, 2015** in a foreclosure case initiated by Defendant Beal/LNV/MGC

against Beal/LNV/MGC victims Christopher and Marcia Swift in Chicago, Illinois, Defendant

Beal/LNV/MGC's LPS affiliated attorneys the night before the hearing that day about their

motion for summary judgment they filed an irrelevant but potentially inflammatory document

from a different case so as to influence the judge against the Swifts. This bad faith act achieved

the intended results; Marcia Swift was unconstitutionally removed from the courtroom.

**On October 16, 2015** Judge Michael W. Mosman unconstitutionally granted LNV's motion for summary judgment pursuant to the constitutionally challenged Rule 56 in the related case *LNV v. Subramaniam*. See [Doc 111 Case No. #:14-cv-01836-MO]. This was an $180^0$ turnaround from his October 9, 2015 Order. In the October 16th order Judge Mosman refers to Plaintiff (defendant in *LNV v. Subramaniam*) as "Ms. Lamb" (Judge Mosman apparently has so little concern for Plaintiff's constitutional rights to due process that he can't be bothered to even get her name straight) and he incorrectly states her objections to LNV's foreclosure. Contrary to Judge Mosman's finding of fact, Plaintiff's claims specific to LNV's lack of standing to foreclose on her property include but are not limited to:

1. The document LNV purports is the "original" note is a computer generated forgery; i.e. a color enhanced copy made to look like an original. Plaintiff has a right to call an expert witness to determine the authenticity of this disputed instrument before she is derived of her property based on a presumption of its authenticity; but Judge Mosman grossly limited Plaintiff's discovery.

2. The Dana Lantry endorsement on the assignment of trust deed is a falsified product of the crimes of Defendant Lorraine Brown and her co-conspirators. (Since in Oregon the Note follows the deed if this is a false assignment of deed LNV lacks standing to foreclose.) Regardless of whether or not Dana Lantry recognizes the signature as hers; Plaintiff contended that the signature was an electronic copy of pulled out the LPS Desktop and/or *her signature* MERS databases and not authentically placed onto this instrument personally by Dana Lantry. Dana Lantry declares she does not recall personally Plaintiff's loan or specifically signing any of the disputed mortgage related documents specific to Plaintiff's

property. [Doc 108-1 in *LNV v. Subramaniam*]. If Dana Lantry did claim to have such personal knowledge (or changes her mind again about what she did or did not do while employed by People's Choice Home Loans) then Plaintiff has a constitutional right to question her about her activities and about her involvement as a potential co-conspirator with Defendant Lorraine Brown already convicted in a criminal conspiracy to defraud.

3.  The Jason J. Vecchio endorsement on an allonge to what LNV claims is the "original" note has already been determined to be a stamped signature or an electronically produced signature. Several of the other Beal/LNV/MGC victims have nearly identical Jason J. Vecchio endorsed allonges. They also have false assignments of trust deed or assignments of mortgage filed with their county land recorders specific to an alleged conveyance of such from GMAC-RFC to LNV on a date prior to LNV being a viable corporate entity, and/or being licensed to do business. Plaintiff and the other Beal/LNV/MGC victims have challenged the authenticity of these mortgage instruments as well. If such instruments are proved to be false counterfeit deeds they evidence a pattern of willful criminal fraud that's purpose is to ultimately steal real property belonging to others under color of law for the personal financial gain of Defendant Beal/LNV/MGC and his co-conspirators; which appears to include Judge Mosman.

4.  Other important claims that have bearing on LNV's standing to foreclose, which Plaintiff as defendant in *LNV v. Subramaniam* stated throughout her pro se pleadings, and which Judge Mosman ignored and never addressed, are that she was fraudulently induced into entering into a mortgage contract with People's Choice Home Loans; and that in violation of the FDCPA and other federal laws designed to protect mortgage consumers

the parties alleging to be "mortgage servicers" including EMC Mortgage Inc., Litton

Loan Services and MGC engaged in a pattern of misappropriation of payments, false

claims of default, false loan modifications and other egregious acts as part of a systematic

scheme to defraud, and to obtain money and property by means of material false and

fraudulent pretenses, representations, and promises with intent to ultimately use such

tactics as false justification to foreclose action against Plaintiff's property and the

properties of the other Beal/LNV/MGC victims who all experienced the same type of

fraud in the factum at origination, fraud at securitization and fraud in mortgage servicing.

The aforementioned chain events beginning on **October 5, 2015** through **October 16,**

**2015** (and other events not mentioned herein that occurred between these dates) were personally

orchestrated by Beal who has full control of the operations of his corrupt enterprise and his "alter

ego" corporate fictions. Besides the obvious objective of Beal getting what he wanted, each of

these events orchestrated by Beal were done with intent to intimidate the Beal/LNV/MGC

victims and WFAA TV. Beal has consistently demonstrated a pattern of retaliatory actions

against the most vocal of the Beal/LNV/MGC victims.

It's public knowledge that Bush visited Beal in Dallas almost immediately after his return

from the White House. Many former Jenkins & Gilchrist attorneys are now employed by Beal.

Attorney J. Pat Heptig is one of them. The George W. Bush Foundation also employs former

Jenkins & Gilchrist attorneys and paralegals, including M. Elaine Meyers who prepared the

articles of incorporation for LNV. (Jenkens & Gilchrist, P.C. was a Dallas-based law firm that

went defunct after a series of audits by Jenkens clients that ultimately resulted in a lawsuit by the

IRS and criminal convictions of four lawyers with the firm on May 24, 2011 for tax evasion,

conspiracy, and related charges stemming from a ten-year tax shelter scheme that prosecutors said generated more than $1 billion in fictive losses.)  It's also public knowledge that Beal donates heavily to the Republican Party. **See Exhibit B**

It appears Beal called on George W. Bush to ask Judge Mosman to grant LNV's motion for summary judgment on October 16, 2015.

The reason our founding fathers constitutionally protected our life, liberty and property with a jury of our peers is because a judge, holding office over the course of multiple cases, and selected by appointment or election, is susceptible to undue influence. It appears Judge Mossman is susceptible to undue influence.  This unconstitutional deprivation of Plaintiff's property is the direct result of the unconstitutional federal Rule 56 that short-circuits the checks and balances our constitution so sensibly provides us.  Federal Rule 56 results in a discriminatory disparate impact on non-criminal pro se litigants and prevents cases like Plaintiff's from ever reaching a jury to be heard on its merits.

Judges in some of the other Beal/LNV/MGC victims' cases also appear to have made decisions to grant LNV summary judgment or summary dismissals against the preponderance of evidence and contrary to the rule of law; and these rulings also appear to have been politically influenced; or even financially motivated.  The harm caused by unconstitutional Federal Rule 56 and Rule 12(b)(6) is exponentially increased when the appeal process doesn't automatically stop the eviction of rightful homeowners from their properties while the matter of title is adjudicated and their evictions are delegated by States to the lowest courts in the land as landlord/tenant cases.

## CAUSE 3

Defendant Perkins Coie LLP and Defendant Beal/LNV/MGC, and possibly Judge

Mosman, conspired to interfere in Plaintiff's civil rights in violation of 42 U.S. Code § 1985. In

addition to the involvement of these Defendants in the criminal conspiracy crimes of Defendant

Lorraine Brown for which she has already been convicted, Defendant Perkins Coie LLP knew

that Plaintiff was suffering from painful herniated discs in her neck and from shooting nerve pain

in her arms and fingers and might require surgery and that prohibited her ability to sit up and to

type; and hense she was compromised to defend herself against their client Defendant

Beal/LNV/MGC's complaint against her. They intentionally hid this from the court and when

Plaintiff's neurosurgeon ordered surgery on short notice they did everything in their power to

prevent the court from granting Plaintiff a medical continuance so she could have surgery and

enough time to recover. Plaintiff ultimately was able to obtain the necessary medical stay but

having to overcome the barriers caused by Defendant Perkins Coie attorneys' malicious conduct

caused her considerable undue emotional duress and additional physical pain at a time when she

was supposed to be de-stressing to prepare for spinal surgery.

Defendant Perkins Coie attorneys deceived Plaintiff about being agreeable to allowing

her a reasonable amount of time for discovery and instead on June 8, 2015 the day her medical

stay was lifted they filed a motion for summary judgment and moved the court to deprive

Plaintiff of any discovery. These actions are consistent with the overall pattern of deceit and

abuse of judicial process perpetrated against Beal/LNV/MGC victims in other cases; and

particularly against pro se litigants. Defendant Perkins Coie and other law firms hired by

Defendant Beal/LNV/MGC routinely conspire to deprive their victims of their property without

due process. Their objective is to prevent exposure of the truth by preventing discovery and a
trial on the merits at all costs.
by jury
∧

Defendant Perkins Coie LLP, Defendant Beal/LNV/MGC and Defendant Lorraine Brown

conspired with each other and/or with the other Beal/LNV/MGC/Brown/LPS co-conspirators to

manufacture falsified counterfeit assignments of trust deed and then to cause these falsified

instruments to be filed by mail and/or by wire services and recorded with Plaintiff's county land

recorder in violation of 18 U.S. Code § 1341 (Mail Fraud) and 18 U.S. Code § 1343 (Wire

Fraud). They also in violation of 18 U.S. Code § 495 conspired to enforce such counterfeit

instruments by deceiving courts knowing judges would rely on such counterfeit instruments as

being genuine, with intent to obtain real property and then sell that property to unjustly profit

Defendant Beal/LNV/MGC at the expense of Plaintiff and the other Beal/LNV/MGC victims.

They also may have conspired to unduly influence or bribe judges to make summary judgment

rulings in their favor in violation of 18 U.S. Code § 201. They thus have engaged in monetary

transactions in property derived from specified unlawful activity in violation of 18 U.S. Code §

1957. These are prohibited predicate racketeering acts pursuant to 18 U.S. Code § 1961 et seq.

These Defendants have continuously committed these prohibited racketeering acts

uninterrupted for many years against numerous other Beal/LNV/MGC victims including Plaintiff

and the victims identified in Plaintiff's Notice of Related Cases.

THEREFORE Plaintiff and the other Beal/LNV/MGC victims are victims of a RICO

organization and its RICO crimes; and are entitled to restitution pursuant to 18 U.S. Code §

1964(c) which states:

"Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee…"

## PRAYER

Plaintiff's prays the court grant her remedy and grant her restitution pursuant to 42 U.S. Code § 1983 and pursuant to 15 U.S.C. 1601 et seq. and pursuant to 18 U.S. Code § 1961 et seq.

Plaintiff prays the court grant punitive damages in an amount adequate to prevent these Defendants from continuing their conspiracy to deprive Plaintiff and persons in the class identified herein of their civil rights; and of their property through their RICO conspiracy acts.

Additionally Plaintiff prays the court grant her Quiet Title to her property to cure the cloud on her title created by the RICO acts and other civil conspiracy acts of the Defendants.

Respectfully,

Denise Subramaniam